UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAURA WILER,

        Plaintiff,                        Case No. 1:08-cv-21

v.                                          HON. JANET T. NEFF

MERIDIAN AUTOMOTIVE SYSTEMS, INC.,

        Defendant.
_____/

## **OPINION**

Defendant Meridian, which emerged from Chapter 11 bankruptcy in December 2006, seeks dismissal of the age discrimination case plaintiff Wiler filed against it in January 2008. Plaintiff filed a response in opposition to defendant's Motion to Dismiss, and defendant filed a reply. Defendant's motion is decided without hearing argument. *See* W.D. Mich. LCivR 7.2(d). For the following reasons, this Court grants defendant's motion.

## **Background**

On April 26, 2005, defendant petitioned for Chapter 11 bankruptcy. The resulting Joint Plan of Reorganization was confirmed on December 29, 2006. Df. Exh. 1-A. The parties do not disagree that the Plan discharged all "debts" arising before the Plan confirmation date and bars all claims for "administrative expenses" not filed by a certain date.

On January 8, 2008, plaintiff filed suit against defendant, alleging age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (Count 1) and Michigan's

Elliot-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq.* (Count 2). Her case arises from defendant's termination of her employment, which was effective January 16, 2006.

On March 21, 2006, defendant filed this Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6). Defendant argues that plaintiff's case cannot proceed because the December 29, 2006 confirmation of the reorganization plan discharged her claim. Defendant also requests that this Court award it the attorney fees and costs it incurred in filing this motion after plaintiff refused defendant's request to voluntarily dismiss her complaint.

Plaintiff responds that her claim does not constitute a discharged debt but an "administrative expense" that may be properly paid after the effective date of the Plan. Plaintiff argues that the Equal Employment Opportunity Commission's ongoing investigation of her discrimination claim served as a timely request for payment of the expense and that defendant did not object to her "request." According to plaintiff, "it would be hard for Defendant to argue that after its counsel participated for over a year in the EEOC investigation of Wiler's claim that Defendant did not have notice of Wiler's intention to hold it liable for her discharge." Pl. Resp. at 8. Plaintiff argues that an award of attorney fees would be inappropriate where the characterization of her post-petition, pre-confirmation age discrimination claim as an administrative expense issue is an issue of first impression in the Sixth Circuit.

In reply, defendant argues that even assuming arguendo that plaintiff's discrimination claim is an "administrative expense," not a debt, plaintiff's failure to file a request for payment of the expense by the "bar date" forever bars the request under the terms of the Plan and public policy favoring the finality of bankruptcy proceedings. According to defendant, there is no support for

plaintiff's theory that defendant "should have known" that she intended to file a lawsuit. Moreover, defendant emphasizes that it had no obligation to object to a request for payment that was not filed.

## Motion Standard

In *Bell Atl. Corp. v. Twombly,* ___ U.S. ___; 127 S.Ct. 1955 (2007), the Supreme Court clarified the pleading standard necessary to survive a Rule 12(b)(6) motion. *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Twombly,* 127 S.Ct. at 1965. *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. In reviewing a motion to dismiss, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett, supra* (quoting *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007)).

## Discussion

Under the Bankruptcy Code, all claims against the debtor are discharged upon the confirmation of a Chapter 11 reorganization plan except as otherwise indicated in the plan of reorganization. *See* 11 U.S.C. § 1141(d)(1)(A) ("Except as otherwise provided ... in the plan, ... the confirmation of a plan ... discharges the debtor from any debt that arose before the date of such confirmation ...."); *In re Eagle-Picher Industries, Inc.,* 447 F.3d 461, 464 (6th Cir. 2006). "Debt" is defined as "liability on a claim." 11 U.S.C. § 101(12).

"[M]ost confirmed Chapter 11 plans, if not all of them, provide mechanisms by which the reorganized company will assume the administrative expenses of the debtor that arose during the bankruptcy and that were not paid upon confirmation of the plan." *Eagle-Picher, supra.* The Code

permits parties to establish a "bar date" by which time all administrative expenses must be asserted against the debtor or face discharge, and it permits the parties to define the kinds of administrative expenses that are recoverable after confirmation. *Id.*

The Bankruptcy Code defines administrative expenses incurred during the pendency of the bankruptcy and payable by the debtor as the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1). "[A] debt qualifies as an 'actual, necessary' administrative expense only if (1) it arose from a transaction with the bankruptcy estate and (2) directly and substantially benefitted the estate." *Pension Benefit Guar. Corp. v. Sunarhauserman, Inc. (In re Sunarhauserman, Inc.),* 126 F.3d 811, 816 (6th Cir. 1997). The following claims have been held to fall within the Code's definition of administrative expenses: tort, trademark infringement, patent infringement, and breach of contract. *Eagle-Picher,* 447 F.3d at 464 (cases cited therein).

Even assuming arguendo that plaintiff's age discrimination claim is a debt that qualifies as an administrative expense, plaintiff failed to comply with the specific terms of the reorganization plan governing administrative expenses. The Plan provides the following "bar date" for certain administrative expense claims:

> Section 8.9   Bar Date for Certain Administrative Expense Claims
>
> [A]ll other requests for payment of Administrative Expense Claims ... shall be filed with the Bankruptcy Court no later than forty-five (45) days after the Effective Date and served on the Reorganized Debtors and their counsel .... Any such claim that is not served and filed within this time period shall be discharged and forever barred.

By her own admission, plaintiff did not file a request for payment with the Bankruptcy Court. Plaintiff instead relies upon the EEOC investigation as "conduct [that] may constitute sufficient documentation." Pl. Resp. at 8. In support of her argument that no formal request for payment of

4

administrative expenses need be made, plaintiff cites *In the Matter of Mansfield Tire & Rubber Co., Inc.,* 73 B.R. 735 (Bkrtcy. N.D. Ohio 1987). However, the issue in *Mansfield* was whether certain tax bills sent to the bankruptcy trustees constituted timely requests for payment. The bankruptcy court held that a written document, filed with the court, which stated the nature and the amount of the claim and evidenced an intent to hold the estate liable, is sufficient to constitute a request for payment. *Id.* at 739. The *Mansfield* decision does not aid plaintiff on the facts in her case, where no written document at all was filed.

This Court finds dismissal of plaintiff's complaint is warranted and grants defendant's motion. However, defendant's concomitant request for attorney fees and costs is denied as plaintiff's arguments, while failing as a matter of law, are not so frivolous in nature as to warrant the imposition of sanctions. A Judgment will be entered consistent with this Opinion.


DATED: October 21, 2008            /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge